IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JESUS D.P.,

    Claimant,

v.

LELAND DUDEK,[1] *Acting Commissioner of Social Security*,

    Defendant.

Case No. 2:24-cv-179

## OPINION & ORDER

In this Social Security appeal, Claimant Jesus D.P. seeks review of an Administrative Law Judge's decision denying his claim for disability, disability insurance benefits, and supplemental security income. Because substantial evidence supports the ALJ's decision, the Commissioner's final decision will be **AFFIRMED**.[2]

## I. BACKGROUND

The claimant filed an application for disability, disability insurance benefits, and supplemental security income benefits in January 2021. ECF No. 6 at 18. The application was denied both initially and on reconsideration. *Id.* Thereafter, the claimant sought review before ALJ Carol Matula, who denied the claim. *Id.* at 18–32.

---

[1] Leland Dudek is now the Acting Commissioner of Social Security and is automatically substituted as a party pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. *See* 42 U.S.C. § 405(g) (providing that an action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

[2] The Court has considered the arguments in the parties' briefing and concluded there is no need to hold a hearing. *See* Fed. R. Civ. P. 78(b); E.D. Va. Civ. R. 7(J).

At the hearing before the ALJ, the claimant presented testimony from a nurse practitioner named Liliana Kim, who opined that the claimant has "marked and extreme limitations in all areas of work[-]related activities including performing within a schedule, completing a workday or week without interruption from psychologically based symptoms, interacting with the general public, and responding to stress." ECF No. 6 at 30 (citing ECF No. 6 at 1046–47). The ALJ found NP Kim's opinion "not persuasive." *Id.* at 30.

The Appeals Council denied review of the ALJ's decision. ECF No. 6 at 1–6. The claimant filed the Complaint in the instant action on March 19, 2024. ECF No. 1. The Court referred the case to the Honorable Robert J. Krask, United States Magistrate Judge, for a report and recommendation. ECF Nos. 7 (referral), 15 (R&R). The plaintiff timely objected to the R&R, and the defendant filed a timely response to the plaintiff's objection. ECF Nos. 16, 17.

## II.  LEGAL STANDARD

When a party files a written objection to a report and recommendation issued by a magistrate judge, the district court must determine *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Federal courts "uphold a Social Security disability determination if (1) the ALJ applied the correct legal standards and (2) substantial evidence supports the ALJ's

factual findings." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 94 (4th Cir. 2020) (citations omitted); *see* 42 U.S.C. § 405(g) (statutory authority for judicial review). "In reviewing for substantial evidence, [courts] do not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [their] judgment for the ALJ's. Yet even under this deferential standard, [courts] do not reflexively rubber-stamp an ALJ's findings." *Arakas*, 983 F.3d at 95 (quotation marks and citations omitted). "To pass muster, [an] ALJ[] must build an accurate and logical bridge from the evidence to their conclusions." *Id.*

When reviewing an ALJ's determination, the Court reads the decision "as a whole." *Smith v. Astrue*, 457 F. App'x 326, 328 (4th Cir. 2011) (unpublished); *Keene v. Berryhill*, 732 F. App'x 174, 177 (4th Cir. 2018) (unpublished). If the Court can "understand what the ALJ did and why [they] did it," then the ALJ has fulfilled their duty of explanation under the Administrative Procedure Act, 5 U.S.C. § 557(c)(3)(A). *Lane Hollow Coal Co. v. Dir., Off. of Workers' Comp. Programs*, 137 F.3d 799, 803 (4th Cir. 1998). "Meaningful review is frustrated—and remand [is] necessary—only where [the court is] unable to fathom the [ALJ's] rationale in relation to evidence in the record." *Britt v. Saul*, 860 F. App'x 256, 262 (4th Cir. 2021) (unpublished) (quotation marks omitted).

This case focuses on the ALJ's execution of step five of the Social Security benefits assessment. *See Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015) (describing the steps). At step five, the Commissioner has the burden to prove that the claimant can perform work that "exists in significant numbers in the national

3

economy, considering [their] residual functional capacity, age, education, and work experience." *Id.* at 635; 20 C.F.R. §§ 416.960(c)(2); 416.920(a)(4)(v); 416.1429. If the claimant cannot perform work under this standard, they are deemed disabled, and the Commissioner proceeds to a benefits determination.

An ALJ is required to indicate the persuasiveness of each medical source in the record and explain their reasoning in their written determination. 20 C.F.R. § 416.920c(b). "[S]upportability . . . and consistency . . . are the most important factors" in determining the persuasiveness of each medical opinion. § 416.920c(b)(2); § 404.1520c(b)(2).

"Supportability is an internal review that requires an ALJ to consider how 'objective medical evidence and supporting explanations presented by a medical source . . . support [their] medical opinions.'" *Rhondia R. v. Kijakazi*, No. 2:23-cv-68, 2023 WL 9324812, at *8 n.11 (E.D. Va. Dec. 22, 2023), *report and recommendation adopted sub nom.*, *Rhondia R. v. O'Malley*, No. 2:23-cv-68, 2024 WL 226402 (E.D. Va. Jan. 19, 2024) (quoting 20 C.F.R. § 416.920c(c)(1)).

An ALJ must also determine how "consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources." 20 C.F.R. § 416.920c(c)(2). "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.*

## III.   ANALYSIS

4

The claimant raises two objections to the R&R: She (1) challenges the sufficiency of the ALJ's supportability analysis regarding NP Kim's medical opinion and (2) argues that the R&R engages in impermissible *post hoc* reasoning to support the consistency analysis regarding NP Kim's medical opinion. For the reasons explained below, both objections fail.

A.   **Supportability**

The claimant argues that the ALJ's supportability analysis was insufficient because the written decision fails to "explain and identify which [of NP Kim's] records were relied upon and [] articulate why the contrasting records were not." ECF No. 16 at 3. But the ALJ's decision survives review precisely because it *does* identify the places in the claimant's records that the ALJ found did not support NP Kim's opinion.

When assessing the "supportability" of a medical opinion, "[t]he more relevant the objective evidence and supporting explanations presented by a medical source are to support [their] medical opinion[] . . . the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. § 416.920c(c)(1). Here, the ALJ found that NP Kim's own records contradicted her ultimate opinion.

NP Kim opined that the claimant is unable "to be in social settings and that he experiences persistent hallucinations," and that he had "marked and extreme limitations in all areas of work[-]related activities." ECF No. 6 at 30. The ALJ concluded that opinion was "not supported by treatment records from the provider." *Id.* at 30. Specifically, NP Kim's opinion was not supported because records produced by NP Kim herself and another doctor at her practice (1) showed exam findings that

5

"are generally normal," (2) indicated that "the claimant generally reported no hallucinations," and (3) reported that the claimant had good eye contact, intact attention, concentration, memory, judgment, and insight. *Id.*

The ALJ's analysis certainly could have been more thorough. But an administrative decision need not be "elaborate or even sophisticated, [] rather, . . . [it must] simply [be] clear enough to enable judicial review." *T-Mobile South, LLC v. City of Rosewell*, 574 U.S. 293, 302 (2015). Here, the Court finds the ALJ's reasoning clear enough to enable judicial review.[3] By citing specific "objective medical evidence and supporting explanations" that she concluded discredits NP Kim's opinion, the ALJ met the requirements of 20 C.F.R. § 416.920c(c)(1). *Rhondia R.*, 2023 WL 9324812, at *8 n.11.

## B. Consistency

The ALJ found that NP Kim's opinion was "inconsistent with the evidence of record that note[s] good memory, insight, and judgment and stability with medication." ECF No. 6 at 30. The ALJ further stated that "[t]here is no indication the claimant experiences the symptoms and limitations noted in [NP Kim's] assessment." *Id.* The ALJ cited treatment records from APRN Laurie Angel and APRN Tonya Rezmer to support her conclusion. *Id.* Those records show that the

---

[3] The claimant argues that there is evidence in the record that could support a finding that the claimant is disabled. ECF No. 16 at 2–3. While this may be true, this Court's task is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Because the ALJ sufficiently explained her analysis regarding NP Kim's opinion, the Court must uphold the decision as to supportability.

6

claimant's mental health status improved through outpatient treatment and medication management. ECF No. 6 at 452, 454, 459, 462, 465, 469. In fact, the referenced records show that the claimant himself reported multiple times that his health had improved. *Id.* at 454 ("He 'feels more like himself'"), 464 ("I've been good, they [(the medications)] seem to really work for me."), 468 ("It's good they [(the medications)] work."). The ALJ also found that the records reflect the claimant's good judgment. *Id.* at 30. Both APRN Angel and APRN Rezmer's records indicate that the claimant exhibited normal mental status findings, including good mood, full orientation, appropriate dress and grooming, appropriate affect, coherent and appropriate speech, normal thought content, a linear and logical thought process, fair insight and judgment, average intelligence, and good memory. *Id.* at 448, 452, 454–55, 458–59, 461–62, 464–65, 468–69. The claimant also regularly denied experiencing hallucinations and suicidal or homicidal ideations. *Id.* at 448, 452, 455, 462, 465, 469. The ALJ relied on this evidence to conclude that "[t]here is no indication the claimant experiences the symptoms and limitations noted in [NP Kim's] assessment." *Id.* at 30. Thus, the ALJ's decision sufficiently conducted the consistency analysis regarding NP Kim's opinion, because there exists substantial evidence to support her conclusion.

The claimant contends that the R&R impermissibly relies on *post hoc* reasoning to conclude that substantial evidence supports the ALJ's consistency analysis. The Court is not permitted to adopt a *post hoc* justification for the ALJ's actions. *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962); *see*

7

*Arakas*, 983 F.3d at 109 (rejecting an argument as "a meritless [*post hoc*] justification"). To reach its conclusion that substantial evidence supports the ALJ's decision regarding consistency, the R&R reasoned that NP Kim's opinion is inconsistent with medical records from APRN Angel, APRN Rezmer,[4] and "the state agency psychological consultants' administrative medical findings[,] that the ALJ . . . found generally persuasive." ECF No. 15 at 25 (quotations omitted). The claimant argues that because the ALJ "made no [] connection" between the state agency psychological consultant's findings and NP Kim's opinion, it was improper for the R&R to rely on that evidence. ECF No. 16 at 3.

The claimant is correct that the ALJ did not rely on the state agency psychological consultant in the consistency analysis as to NP Kim's opinion. *See* ECF No. 6 at 30. Therefore, the R&R did engage in impermissible *post hoc* reasoning, and the Court will not adopt that reasoning. *See Arakas*, 983 F.3d at 109. But the ALJ's determination that NP Kim's opinion is inconsistent with medical records from APRN Angel and APRN Rezmer is independently sufficient to satisfy 20 C.F.R. § 416.920c(b)(2). The ALJ provided satisfactory independent grounds for the finding that NP Kim's opinion is inconsistent with other evidence in the record. Therefore, even if the Court excises the R&R's *post hoc* reasoning, the ALJ's opinion survives as to the consistency analysis.

---

[4] Though the R&R only references APRN Angel by name, it includes citations to records prepared by APRN Rezmer. *See* ECF No. 15 at 24–25 (citing ECF No. 6 at 468, 469).

Having resolved the claimant's objections to the R&R, the Court finds that the ALJ applied the correct legal standards, and her factual findings are supported by substantial evidence in the record. Therefore, the ALJ's decision finding the claimant not disabled will be **AFFIRMED**.

## IV.  CONCLUSION

Based upon a *de novo* review of the issues discussed herein, the Report & Recommendation (ECF No. 15) is **ADOPTED IN PART** and **NOT ADOPTED IN PART**. To the extent that the R&R engages in *post hoc* reasoning, the Court does not adopt this reasoning; but the remaining reasoning—and Judge Krask's ultimate recommendation—is adopted.

The plaintiff's appeal of the Commissioner's final decision and request for a remand (ECF No. 9) is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

The Clerk is **DIRECTED** to enter judgment in favor of the Commissioner.

**IT IS SO ORDERED**.

/s/
Jamar K. Walker
United States District Judge

Norfolk, Virginia
February 24, 2025